**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

RONALD EUGENE WATSON,

    Plaintiff,

      v.

RONALD M. FARIS, *et al.*,

    Defendants.

Civil Action No.  15-1164 (JEB)

<u>MEMORANDUM OPINION</u>

*Pro se* Plaintiff Ronald Watson has filed this largely incomprehensible suit against approximately 25 Defendants arising out of the foreclosure of his residential property.  Among the many defects in his Amended Complaint that Defendants' several Motions to Dismiss point out is Watson's failure to sufficiently make out any federal claim.  As the Court therefore lacks subject-matter jurisdiction over any purported state causes of action, it will dismiss the case without prejudice.  If he so chooses, Plaintiff may refile in the appropriate state court and pursue his theories there.

I.    **Background**

Watson filed his initial Complaint in this matter on July 21, 2015.  He opaquely entitled it "Complaint: Objection for Lack of Ratification of Commencement."  Compl. at 1.  The pleading names 22 Defendants and alludes to Plaintiff's being a "living, breathing, natural born, free man on the soil, Sovereign American, *sui juris*, per Title 4 U.S. Code § 8 (j).  The flag represents a living country and is itself considered a living thing."  <u>Id.</u> at 2.  The cursory Complaint alleges no

cause of action whatsoever, but attaches documents as exhibits that reference a residential foreclosure.  The Court thus assumes this is the grievance that drives the suit.

Confounded by such a Complaint, the Court, in a July 27, 2015, Minute Order *sua sponte* ordered Watson to show cause why the case should not be dismissed for lack of subject-matter jurisdiction.  Apparently crossing in the mail was his First Amended Complaint, docketed the next day, which added four other Defendants, but nothing of substance as far as allegations.  See ECF No. 4.  On August 14, 2015, "Plaintiff's Reply to Support Jurisdiction" was docketed, which stated, "This case involves the illegal act of foreclosure under the RICO [Racketeer Influenced and Corrupt Organizations] Act, by Ocwen Loan Servicing LLC, Judge Toni E. Clarke of Prince George's County Maryland Civil Division, various attorneys and other cohorts, on my personal property located at 15021 Fort Trail, Accoceek, MD 20607." Id. at 8.  This pleading then proceeded to cut and paste various quotes from federal criminal statutes.  See id. at 9-11.

Perhaps believing discretion to be the better part of valor, the Court issued another Minute Order on August 24, 2015, indicating that it was loath to dismiss *sua sponte* and inviting Defendants to move to dismiss.  A number of them have now done so.  See ECF Nos. 8, 11, 13.

## II.      Legal Standard

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of an action where a complaint fails to "state a claim upon which relief can be granted."  When the sufficiency of a complaint is challenged under Rule 12(b)(6), the factual allegations presented in it must be presumed true and should be liberally construed in plaintiff's favor.  Leatherman v. Tarrant Cty. Narcotics & Coordination Unit, 507 U.S. 163, 164 (1993).  Although the notice-pleading rules are "not meant to impose a great burden on a plaintiff," Dura Pharm., Inc. v. Broudo, 544 U.S.

336, 347 (2005), and "detailed factual allegations" are not necessary to withstand a Rule 12(b)(6)

motion, Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007), "a complaint must contain

sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."

Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (internal quotation omitted).  Plaintiff must put forth

"factual content that allows the court to draw the reasonable inference that the defendant is liable

for the misconduct alleged."  Id.  Though a plaintiff may survive a 12(b)(6) motion even if

"recovery is very remote and unlikely," Twombly, 550 U.S. at 556 (citing Scheuer v. Rhodes,

416 U.S. 232, 236 (1974)), the facts alleged in the complaint "must be enough to raise a right to

relief above the speculative level."  Id. at 555.

To survive a motion to dismiss under Rule 12(b)(1), Plaintiff bears the burden of proving

that the Court has subject-matter jurisdiction to hear his claims.  See Lujan v. Defenders of

Wildlife, 504 U.S. 555, 561 (1992); U.S. Ecology, Inc. v. U.S. Dep't of Interior, 231 F.3d 20, 24

(D.C. Cir. 2000).  A court has an "affirmative obligation to ensure that it is acting within the

scope of its jurisdictional authority."  Grand Lodge of Fraternal Order of Police v. Ashcroft, 185

F. Supp. 2d 9, 13 (D.D.C. 2001).  For this reason, "'the [p]laintiff's factual allegations in the

complaint . . . will bear closer scrutiny in resolving a 12(b)(1) motion' than in resolving a

12(b)(6) motion for failure to state a claim."  Id. at 13-14 (quoting 5A Charles A. Wright &

Arthur R. Miller, Federal Practice and Procedure § 1350 (2d ed. 1987) (alteration in original)).

Additionally, unlike with a motion to dismiss under Rule 12(b)(6), the Court "may consider

materials outside the pleadings in deciding whether to grant a motion to dismiss for lack of

jurisdiction."  Jerome Stevens Pharm., Inc. v. FDA, 402 F.3d 1249, 1253 (D.C. Cir. 2005); see

also Venetian Casino Resort, L.L.C. v. E.E.O.C., 409 F.3d 359, 366 (D.C. Cir. 2005) ("given the

present posture of this case — a dismissal under Rule 12(b)(1) on ripeness grounds — the court

may consider materials outside the pleadings"); Herbert v. Nat'l Academy of Sciences, 974 F.2d 192, 197 (D.C. Cir. 1992).

### III.   Analysis

In seeking dismissal, assorted Defendants raise different arguments, including lack of subject-matter jurisdiction and failure to state a claim. The Court analyzes the points together.

Even if the Court considers all of Watson's pleadings – to wit, his Response to the Motions to Dismiss, his Amended Complaint, and his Reply to Support Jurisdiction – the only federal cause of action that could conceivably be inferred from these documents is one under RICO, 18 U.S.C. § 1962. Yet, it is not enough for him to simply invoke the name of the Act.

In order to make out a claim under RICO, a plaintiff must allege the following elements: "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity." Sedima, S.P.R.L. v. Imrex Co., 473 U.S. 479, 496 (1985). To show such a pattern, RICO requires at least two predicate criminal racketeering acts over a ten-year period. See 18 U.S.C. § 1961(5). "[T]hese predicate offenses are acts punishable under certain state and federal criminal laws, including mail and wire fraud." Western Assocs. Ltd. Partnership  ex rel. Ave. Assocs. Ltd. v. Market Square Assocs., 235 F.3d 629, 633 (D.C. Cir. 2001) (citing 18 U.S.C. § 1961(1)(B)).

The Supreme Court has further ruled that these predicate acts must show elements of relatedness and continuity. See H.J. Inc. v. Northwestern Bell Telephone Co., 492 U.S. 229, 239 (1989). In other words, a plaintiff must allege "that the racketeering predicates are related, and that they amount to or pose a threat of continued criminal activity." Id. (emphasis in original omitted). In determining whether or not this continuous pattern is established, there are a number of factors to be considered: "the number of unlawful acts, the length of time over which the acts were committed, the similarity of the acts, the number of victims, the number of

4

perpetrators, and the character of the unlawful activity . . . as they bear upon the separate questions of continuity and relatedness." Edmondson & Gallagher v. Alban Towers Tenant Ass'n, 48 F.3d 1260, 1265 (D.C. Cir. 1995) (quoting Kehr Packages v. Fidelcor, Inc., 926 F.2d 1406, 1411-1413 (3rd Cir. 1991) (internal quotation marks omitted)). "[I]n some cases 'some factors will weigh so strongly in one direction as to be dispositive,' . . . [while in others,] if a plaintiff alleges only a single scheme, a single injury, and few victims it is 'virtually impossible for plaintiffs to state a RICO claim.'" Western Assoc., 235 F.3d at 634 (quoting Edmondson & Gallagher, 48 F.3d at 1265).

It is notable, furthermore, that "RICO claims premised on mail or wire fraud must be particularly scrutinized because of the relative ease with which a plaintiff may mold a RICO pattern from allegations that, upon closer scrutiny, do not support it. This caution stems from the fact that [i]t will be the unusual fraud that does not enlist the mails and wires in its service at least twice." Id. at 637 (internal quotation marks and citations omitted). "The pattern requirement thus helps to prevent ordinary business disputes from becoming viable RICO claims." Id. Put another way, "[i]f the pattern requirement has any force whatsoever, it is to prevent . . . ordinary commercial fraud from being transformed into a federal RICO claim . . . ." Id. As a result, a "plaintiff must plead 'circumstances of the fraudulent acts that form the alleged pattern of racketeering activity with sufficient specificity pursuant to Fed. R. Civ. P. 9(b).'" Menasco, Inc. v. Wasserman, 886 F.2d 681, 684 (4th Cir. 1989) (internal citations omitted), cited with approval on RICO "pattern" question by Western Assocs., 235 F.3d at 637. This rule "normally . . . means that the pleader must state the time, place and content of the false misrepresentations, the fact misrepresented and what was retained or given up as a consequence of the fraud." Kowal v. MCI Communications Corp., 16 F.3d 1271, 1278 (D.C. Cir. 1994)

(quoting United States v. Cannon, 642 F.2d 1373, 1385 (D.C. Cir. 1981) (internal quotation marks omitted)).

Plaintiff comes nowhere close to meeting this standard.  His sole RICO allegation, if it can even be so labeled, refers to the single act of foreclosure on his personal residence.  As there is plainly no "pattern" of racketeering activity, no sufficient RICO claim has been articulated. See, e.g., Edmondson & Gallagher, 48 F.3d 1260 (affirming dismissal of RICO claim alleging single scheme with single injury and single victim); Western Assocs., 235 F.3d 629 (affirming dismissal of single-scheme, single-victim, single-injury RICO case despite plaintiff's attempt to break down events into multiple schemes);  Busby v. Capital One, N.A., 772 F. Supp. 2d 268, 282 (D.D.C. 2011) (granting motion to dismiss RICO claim for failing to establish sufficient pattern in a single-scheme, single-injury set of facts); Zernik v. Department of Justice, 630 F. Supp. 2d 24, 27 (D.D.C. 2009) ("Each and every [one] of plaintiff's alleged predicate racketeering offenses, however, relates solely to the compelled sale of plaintiff's house in 2007. As such, plaintiff fails, at a minimum, to allege a pattern of racketeering activity, as his claims relate to a single alleged scheme, for which he was the sole injured party.") (internal citations and emphasis in original omitted).

Finally, to the extent Plaintiff somehow believes he could circumvent such a result through the pleading of a RICO conspiracy under § 1962(d), he would be mistaken.  See Edmondson & Gallagher, 48 F.3d at 1265 ("Further, as the allegations provide no basis for inferring any conspiracy broader than the alleged scheme itself, the § 1962(d) claim fails as well; there is no conspiracy to violate any of the provisions of subsection (c).") (internal quotation marks omitted).

As Plaintiff, therefore, cannot establish federal subject-matter jurisdiction, his case must be dismissed.  As such dismissal will be without prejudice, he may refile, if he so chooses, in the appropriate state court.

## IV.     Conclusion

The Court, accordingly, will issue a contemporaneous order granting Defendants' Motions to Dismiss.

/s/ *James E. Boasberg*
JAMES E. BOASBERG
United States District Judge

Date:  October 16, 2015